UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYNTREL T. JACKSON,<br><br>                Plaintiff,<br><br>    v.<br><br>SHAWNA PATZKOWSKI, et al.,<br><br>                Defendants. | Case No. C18-1508-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND BACKGROUND

This is a *pro se* 42 U.S.C. § 1983 civil rights action.  Plaintiff is incarcerated at the Washington State Penitentiary ("WSP"), and the defendants are 23 employees of the Washington State Department of Corrections ("DOC"), most of whom work at the WSP.  Plaintiff alleges that various defendants have violated his rights under RLUPA, the Equal Protection Clause, the First Amendment, and the Eighth Amendment.  Among other things, he claims that certain defendants have sexually assaulted him, harassed him, made death threats, and destroyed or confiscated his property in retaliation for filing grievances.  Defendants have been served and counsel has appeared upon their behalf.

REPORT AND RECOMMENDATION - 1

1    Currently before the Court is plaintiff's motion for a temporary restraining order
2 ("TRO"). Dkt. 36. Plaintiff has been housed in the intensive management unit at the WSP, and
3 he recently learned that the DOC is planning on transferring him to "close custody," where
4 plaintiff believes "problems would reasonably occur." *Id.* at 1-2. As relief, plaintiff seeks an
5 order directing that he be transferred to another prison, specifically Airway Heights Corrections
6 Center ("AHCC"). *Id.* at 4-5. Alternatively, he asks that the Court take various actions if he is
7 assaulted within 72 hours of being transferred to close custody at the WSP, including ordering
8 defendants to return his personal property, allowing him to amend his complaint to add an assault
9 claim, and sanctioning all of the defendants. *Id.* at 5-6.

10   Having considered the motion, the balance of the record, and the governing law, the
11 Court recommends that plaintiff's motion for a TRO be DENIED.

## II.    DISCUSSION

13   The standard for issuing a TRO is the same as the standard for issuing a preliminary
14 injunction. *See New Motor Vehicle Bd. of Cal v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2
15 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that
16 the plaintiff is entitled to such relief." *Winter v. Nat, Res. Def. Council, Inc.*, 555 U.S. 7, 24
17 (2008). "The proper legal standard for preliminary injunctive relief requires a party to
18 demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer
19 irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his
20 favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d
21 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20). Alternatively, a preliminary
22 injunction is appropriate if "serious questions going to the merits were raised and the balance of
23 the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo

REPORT AND RECOMMENDATION - 2

when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). However, the "serious questions" approach supports the court's entry of a TRO only so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135. The moving party bears the burden of persuasion and must make a clear showing that it is entitled to such relief. *Winter*, 555 U.S. at 22.

The Court concludes that plaintiff is not entitled to a TRO. First, plaintiff has not shown a likelihood of success on the merits of his claim that the Court order the DOC to transfer him to AHCC. It is well-established that prisoners have no constitutional right to incarceration in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). Furthermore, even if plaintiff could establish a likelihood of success or even serious questions going to the merits of his other constitutional claims, he would not be entitled to the relief he requests here. Second, plaintiff has not shown a likelihood that he will suffer irreparable harm absent an order transferring him to another facility. Although there is some evidence in the record that he is not suitable for placement in close custody, *see* Dkt. 36 at 12, his assertion that he will be assaulted immediately after he is transferred out of the intensive management unit is speculative, particularly given that he has not been housed in close custody since 2015. *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). Finally, the balance of equities and public interest both tip in defendants' favor. States have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs," *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citations omitted), and this holding applies even more strongly in cases involving the administration of state prisons, *Turner v. Safley*, 482 U.S. 78, 85

(1987). Absent exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons, including housing and classification decisions for prisoners. *See e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); *Sandin v. Connor*, 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-to-day management of prisons). Plaintiff has not made a clear showing of any of the elements of a TRO.

### III.  CONCLUSION

The Court recommends that plaintiff's motion for a temporary restraining order, Dkt. 36, be DENIED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **January 3, 2019**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 4, 2019.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

Dated this 19th day of December, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4