UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYNTREL T. JACKSON,

          Plaintiff,

   v.

SHAWNA PATZKOWSKI, et al.,

          Defendants.

Case No. C18-1508-RSM-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is plaintiff's motion for a preliminary injunction/temporary restraining order ("PI/TRO"). Dkt. 57. Defendants oppose the motion. Dkt. 60. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that plaintiff's PI/TRO motion be DENIED.

## II. BACKGROUND

Plaintiff is currently incarcerated at the Washington Corrections Center ("WCC"). The defendants in this action are 23 employees of the Washington State Department of Corrections ("DOC"); most work at the Washington State Penitentiary ("WSP"), one works at the Monroe

REPORT AND RECOMMENDATION - 1

1  Correctional Complex, and two work at the DOC Headquarters in Olympia, Washington. None

2  work at the WCC. Plaintiff alleges that various defendants have violated his rights under

3  RLUPA, the Equal Protection Clause, the First Amendment, and the Eighth Amendment.

4  Among other things, he claims that certain defendants have sexually assaulted him, harassed

5  him, made death threats, and destroyed or confiscated his property in retaliation for filing

6  grievances. Defendants have been served and counsel has appeared upon their behalf.

7      On December 14, 2018, plaintiff filed a motion for a temporary restraining order

8  ("TRO"). Dkt. 36. At the time, he was housed in the intensive management unit ("IMU") at the

9  WSP. He claimed that he recently learned the DOC was planning on transferring him to "close

10 custody," where he believes "problems would reasonably occur." As relief, he sought an order

11 directing that he be transferred to Airway Heights Corrections Center. Alternatively, he asked

12 the Court to take various actions if he is assaulted within 72 hours of being transferred to close

13 custody at the WSP, including ordering defendants to return his personal property, allowing him

14 to amend his complaint to add an assault claim, and sanctioning all of the defendants. On

15 December 19, 2019, the Court recommended that the TRO motion be denied. Dkt. 37.

16 Plaintiff's objections to the Report and Recommendation are currently pending before the

17 Honorable Ricardo S. Martinez. Dkt. 41.

18     In his current PI/TRO motion, plaintiff alleges that, as he had previously predicted in his

19 TRO motion, an inmate assaulted him less than an hour after he was released from the WCC

20 IMU on January 30, 2019. *See* Dkt. 57. He claims that defendants ordered the gang-related

21 assault. Plaintiff claims that he was immediately returned to the IMU but was denied his 24-hour

22 notice for the reason, in violation of his Fifth Amendment rights. He also claims that defendants

23

REPORT AND RECOMMENDATION - 2

have refused to give him or destroyed his legal property, but admits that he received most of his legal property on February 4, 2019.

Defendants argue that plaintiff's PI/TRO motion is based on lies. Dkt. 60. They submit the declaration of Disciplinary Hearings Officer Tony Dunnington. Dkt. 61. Mr. Dunnington attests that on February 1, 2019, he conducted a disciplinary hearing regarding the January 30, 2019 assault. *Id.* at ¶ 3. Mr. Dunnington declares:

> Mr. Jackson was charged with an unprovoked assault on another inmate, a 633 infraction. Mr. Jackson attended his hearing and said he didn't assault anyone, had only tapped the victim on the shoulder, and there must be a mistake. I reviewed the disciplinary report and photos of the victim who was clearly assaulted. I found Mr. Jackson's testimony to be not credible and found him guilty of assaulting the other inmate. During the hearing Mr. Jackson said nothing about gangs or about being assaulted or hit by the victim. Official DOC records do not indicate that the victim is a member of any gang or security threat group (STG). As a result of the infraction, Mr. Jackson was placed in the WCC intensive Management Unit (IMU) where he remains to date.

*Id.* at ¶ 3. Defendants also submitted the nursing assessment of plaintiff following the incident. Dkt. 61-1 at 5. Plaintiff did not claim that he was injured and the nurse who examined him found no injuries. *Id.* Defendants thus argue that there is no basis to grant plaintiff's PI/TRO motion. *See* Dkt. 60.

### III.    DISCUSSION

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat, Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his

REPORT AND RECOMMENDATION - 3

1 favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).  Alternatively, a preliminary injunction is appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).  However, the "serious questions" approach supports the court's entry of a TRO only so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135.  The moving party bears the burden of persuasion and must make a clear showing that it is entitled to such relief. *Winter*, 555 U.S. at 22.

The Court concludes that plaintiff's PI/TRO motion should be denied.  Plaintiff has not shown a likelihood of success serious questions going to the merits of any of his claims.  Defendants' unrefuted evidence establishes that plaintiff initiated the assault, was not injured in any way, and received due process before being sanctioned.  Plaintiff has not shown a likelihood that he will suffer irreparable harm, particularly given the evidence that he was the one who caused the altercation.  Finally, the balance of equities and public interest both tip in defendants' favor.  States have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs," *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citations omitted), and this holding applies even more strongly in cases involving the administration of state prisons, *Turner v. Safley*, 482 U.S. 78, 85 (1987).  Absent exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons, including housing and classification decisions for prisoners. *See e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); *Sandin v. Connor*, 515 U.S. 472, 482–83 (1995) (disapproving

1  the involvement of federal courts in the day-to-day management of prisons).  Plaintiff has not
2  made a clear showing of any of the elements of a preliminary injunction or TRO.

3                            IV.        <u>CONCLUSION</u>

4          The Court recommends that plaintiff's motion for a PI/TRO, Dkt. 57, be DENIED.  A
5  proposed order accompanies this Report and Recommendation.

6          Objections to this Report and Recommendation, if any, should be filed with the Clerk and
7  served upon all parties to this suit by no later than **March 13, 2019**.  Failure to file objections
8  within the specified time may affect your right to appeal.  Objections should be noted for
9  consideration on the District Judge's motion calendar for the third Friday after they are filed.
10 Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no
11 timely objections are filed, the matter will be ready for consideration by the District Judge on
12 **March 15, 2019.**

13         This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
14 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
15 assigned District Judge acts on this Report and Recommendation.

16         Dated this 19th day of February, 2019.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5