UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYNTREL T. JACKSON,<br><br>                Plaintiff,<br><br>     v.<br><br>SHAWNA PATZKOWSKI, et al.,<br><br>                Defendants. | Case No. C18-1508-RSM-MLP<br><br>REPORT AND RECOMMENDATION |

## I.     INTRODUCTION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is plaintiff's third motion for a preliminary injunction/temporary restraining order ("PI/TRO"). Dkt. 67. Defendants oppose the motion. Dkt. 73. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that plaintiff's PI/TRO motion be DENIED.

## II.     BACKGROUND

Plaintiff is currently in protective custody at the Clallam Bay Corrections Center ("CBCC"). The defendants in this action are 23 employees of the Washington State Department of Corrections ("DOC"); most work at the Washington State Penitentiary ("WSP"), one works at

REPORT AND RECOMMENDATION - 1

the Monroe Correctional Complex, and two work at the DOC Headquarters in Olympia, Washington. None work at the CBCC. Plaintiff alleges that various defendants have violated his rights under RLUPA, the Equal Protection Clause, the First Amendment, and the Eighth Amendment. Among other things, he claims that certain defendants have sexually assaulted him, harassed him, made death threats, and destroyed or confiscated his property in retaliation for filing grievances. Defendants have been served and counsel has appeared upon their behalf.

On December 14, 2018, plaintiff filed a motion for a temporary restraining order ("TRO"). Dkt. 36. At the time, he was housed in the intensive management unit ("IMU") at the WSP. He claimed that he recently learned the DOC was planning on transferring him to "close custody," where he believes "problems would reasonably occur." As relief, he sought an order directing that he be transferred to Airway Heights Corrections Center. Alternatively, he asked the Court to take various actions if he is assaulted within 72 hours of being transferred to close custody at the WSP, including ordering defendants to return his personal property, allowing him to amend his complaint to add an assault claim, and sanctioning all of the defendants. On December 19, 2019, the Honorable James P. Donohue recommended that the TRO motion be denied. Dkt. 37. On March 12, 2019, the Honorable Ricardo S. Martinez adopted the Report and Recommendation. Dkt. 78.

On February 6, 2019, plaintiff filed his second PI/TRO motion. Dkt. 57. Plaintiff alleged that, as he had previously predicted in his TRO motion, an inmate assaulted him less than an hour after he was released from the Washington Corrections Center ("WCC") IMU on January 30, 2019. *See* Dkt. 57. He claimed that defendants ordered the gang-related assault, violated his due process rights by returning him to the IMU without notifying him of the reason, and refused to return all of his legal property to him. In opposing the second PI/TRO motion, defendants

REPORT AND RECOMMENDATION - 2

1 submitted evidence that plaintiff initiated the altercation with the other inmate, plaintiff was not
2 injured, and the victim of plaintiff's assault was not a known gang member. *See* Dkt. 61. Judge
3 Donohue recommended that plaintiff's second PI/TRO motion be denied. Dkt. 65. The Report
4 and Recommendation is pending before Judge Martinez. *See id.*

5 In the PI/TRO motion that is currently before the Court, plaintiff asserts that "defendants
6 are continuously trying and having the plaintiff repeatedly assaulted and potentially killed in
7 retaliation over this civil action." Dkt. 67 at 1. He recounts the alleged instances of retaliation,
8 most of which allegedly occurred prior to his transfer to CBCC protective custody. *See id.* at 2-
9 6. As relief, he asks the Court to order defendants to provide him with all of his property and
10 "for defendants not to place the plaintiff in units/prisons that they know he will be assaulted at
11 due to his gang affiliation/charges." *Id.* 7.

## III. DISCUSSION

13 The standard for issuing a TRO is the same as the standard for issuing a preliminary
14 injunction. *See New Motor Vehicle Bd. of Cal v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2
15 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that
16 the plaintiff is entitled to such relief." *Winter v. Nat, Res. Def. Council, Inc.*, 555 U.S. 7, 24
17 (2008). "The proper legal standard for preliminary injunctive relief requires a party to
18 demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer
19 irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his
20 favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d
21 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20). Alternatively, a preliminary
22 injunction is appropriate if "serious questions going to the merits were raised and the balance of
23 the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo

REPORT AND RECOMMENDATION - 3

when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). However, the "serious questions" approach supports the court's entry of a TRO only so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135. The moving party bears the burden of persuasion and must make a clear showing that it is entitled to such relief. *Winter*, 555 U.S. at 22.

The Court concludes that plaintiff's third PI/TRO motion should be denied. Plaintiff has not shown a likelihood of success or serious questions going to the merits of any of his claims. Plaintiff has not shown a likelihood that he will suffer irreparable harm if his legal property is not returned to him or if he is not transferred to another institution, particularly given that he is currently housed in protective custody. Finally, the balance of equities and public interest both tip in defendants' favor. States have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs," *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citations omitted), and this holding applies even more strongly in cases involving the administration of state prisons, *Turner v. Safley*, 482 U.S. 78, 85 (1987). Absent exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons, including housing and classification decisions for prisoners. *See e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); *Sandin v. Connor*, 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-to-day management of prisons). Plaintiff has not made a clear showing of any of the elements of a preliminary injunction or TRO.

IV.     CONCLUSION

The Court recommends that plaintiff's third motion for a PI/TRO, Dkt. 67, be DENIED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 4, 2019**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 5, 2019**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

Dated this 14th day of March, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5