UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYNTREL T JACKSON,<br><br>                    Plaintiff,<br><br>    v.<br><br>SHAWNA PATZKOWSKI, et al.,<br><br>                    Defendants. | Case No. C18-1508-RSM-MLP<br><br>ORDER DIRECTING DEFENDANTS<br>TO FILE RESPONSE |

This is a 42 U.S.C. § 1983 prisoner civil rights action. On February 19, 2019, Plaintiff filed a motion for a protective order under Federal Rule of Civil Procedure 26. (Dkt. # 64.) Plaintiff seeks to protect four boxes of personal property consisting of legal work relevant to this case. (*Id.* at 1.) According to Plaintiff, per Washington State Department of Corrections ("DOC") policy, prisoners are allowed to take two boxes of personal property with them when they are transferred between prison facilities, and they must pay for any additional personal property to be transferred. (*Id.*) If a prisoner does not pay within 30 days, the personal property is destroyed. (*Id.*)

When Plaintiff initiated this lawsuit, he was incarcerated at the Washington State Penitentiary ("WSP"). (*See* Dkt. # 1.) The DOC transferred Plaintiff to the Washington

Corrections Center ("WCC") in January 2019. (*See* Dkt. # 56.) Plaintiff claims he paid to have his property transferred from the WSP to the WCC, but before his property arrived at the WCC, the DOC transferred him to the Clallam Bay Corrections Center ("CBCC"). (*See* Dkt. ## 62, 64, 68.) Plaintiff complains that he now must pay for the DOC to transfer his property from the WCC to the CBCC or it will be destroyed. (Dkt. # 64 at 2.) He also claims that the DOC is planning on transferring him again, which would mean that he would have to pay a third time. (*Id.*) Plaintiff claims that the transfers are retaliatory and that he does not have the funds to continue to have his legal property transferred. (*Id.* at 3.) Plaintiff asks the Court to order that his legal property be transferred with him and that he be permitted to pay for the cost of the transfer at the end of this lawsuit. (*Id.* at 3-4.) Defendants did not file a response to Plaintiff's motion.

Federal Rule of Civil Procedure 26(c)(1), which governs protective orders, does not provide a basis for the injunctive relief Plaintiff seeks. Nevertheless, the Court is concerned by his claim that he cannot afford to pay for his legal property to be transferred between multiple facilities in a short period of time, as well as his claim that the DOC intends additional transfers in the near future. Accordingly, the Court ORDERS Defendants to respond to Plaintiff's motion (dkt. # 64) by **April 5, 2019**. Plaintiff may file a reply by **April 12, 2019**. The Clerk is directed to RE-NOTE Plaintiff's motion (dkt. # 64) for April 12, 2019, and to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 27th day of March, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DIRECTING DEFENDANTS TO FILE
RESPONSE - 2