UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYNTREL T JACKSON,

                Plaintiff,

v.

SHAWNA PATZKOWSKI, et al.,

                Defendants.

Case No. C18-1508-RSM-MLP

ORDER ON MISCELLANEOUS MOTIONS

## I.     INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff has filed the following motions, which are now ripe for the Court's disposition: (1) motion to appoint counsel (dkt. # 76); (2) "Motion for Physical and Mental Examination" (dkt. # 76 at 41); (3) "Motion to request telephonic conference for Preliminary Injunctions," which Plaintiff filed under seal (dkt. # 77); (4) "Motion for Protective Order" (dkt. # 64); and (5) motion for extension of time to file a reply in support of his motion for a protective order (dkt. # 90). Defendants oppose the motion to appoint counsel and motion for protective order, but they do not oppose the motion for extension of time. (Dkt. ## 80, 86, 91.) As explained below, the Court denies the first three motions, lifts

1  the seal on the third motion, grants the motion for extension of time, and re-notes the motion for
2  protective order.

## II. DISCUSSION

### A. Motions for Appointment of Counsel and Physical and Mental Examinations

Plaintiff seeks the appointment of counsel because of his mental health problems and his lack of familiarity with the courts and legal procedures. (Dkt. # 76.) Plaintiff explains that he has "Multi Personality Disorder," which causes him to have periodic breakdowns. (*Id.* at 3-4.) He also argues that he lacks legal knowledge, including how to conduct discovery, and that his imprisonment will greatly limit his ability to litigate. (*Id.* at 5-6.) Plaintiff contends that he will need expert testimony to prove his First Amendment claims and that appearing at trial would trigger his mental instability. (*Id.* at 9-12.) He further maintains that he has shown a likelihood of success on the merits of his claims. (*Id.* at 13-14.) Plaintiff also filed a motion asking the Court to order a mental examination, pursuant to Federal Rule of Civil Procedure 35, to support his request for appointment of counsel. (*Id.* at 41.) Defendants oppose Plaintiff's motion to appoint counsel, arguing that he has not established a likelihood of success on the merits and that his submissions in this case show that he is capable of articulating his claims *pro se*. (Dkt. # 80.)

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Plaintiff fails to demonstrate exceptional circumstances at this time. Given the factual disputes between the parties, Plaintiff has not shown a likelihood of success on the merits. In addition, Plaintiff appears able to articulate his claims *pro se*—as evidenced by his complaint and motion for appointment of counsel—given that the legal issues are not particularly complex. Moreover, despite Plaintiff's mental health difficulties, he has been able to file motions and may ask the Court for additional time to file and respond to motions if his mental health issues prevent him from meeting any deadlines. The Court thus finds that Plaintiff fails to establish good cause for a Rule 35 mental examination. *See* Fed. R. Civ. P. 35(a)(2) (court may only order Rule 35 examination upon a showing of good cause).

Plaintiff's remaining complaints relate to difficulties conducting discovery, issues that are not unique to him. If such difficulties were sufficient to establish "exceptional circumstances," nearly every *pro se* prisoner would be entitled to pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").

Considering both the likelihood of Plaintiff's success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the legal issues, the Court concludes that Plaintiff has not established exceptional circumstances warranting the appointment of counsel.

1  Accordingly, the Court denies his motion to appoint counsel (dkt. # 76) and motion for a mental

2  examination (*id.* at 41).

### B. Motion for Telephonic Conference

Plaintiff asks the Court to hold a telephonic conference regarding his motions for a Preliminary Injunction/Temporary Restraining Order so that he can explain his request and answer any questions from the judge. (Dkt. # 77.) At Plaintiff's request, the Clerk filed Plaintiff's motion under seal. (*See id.*)

The Court construes Plaintiff's motion as a request for oral argument. The Honorable Ricardo S. Martinez has already denied Plaintiff's three motions seeking preliminary injunctive relief. (Dkt. ## 78, 85, 89.) Plaintiff's motion, therefore, is moot.

Furthermore, as there is no sensitive or confidential information contained in Plaintiff's one-page motion, the Court concludes that Plaintiff has not met the standards for filing a motion under seal. *See* Local Rules W.D. Wash. LCR 5(g). Accordingly, the Court directs the Clerk to lift the seal on Docket # 77.

### C. Motion for Extension of Time to Reply to the Motion for Protective Order

Plaintiff's motion for a protective order was originally noted for March 1, 2019. (Dkt. # 64.) The Court re-noted the motion for April 12, 2019, so that Defendants could file a response, which they have. (Dkt. ## 83, 86.) Plaintiff seeks a 10-day extension of time to file his reply, which Defendants do not oppose. (Dkt. ## 90, 91.) The Court grants Plaintiff's motion for extension of time and orders him to file his reply by April 22, 2019.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to appoint counsel and motion for a mental examination (dkt. # 76); DENIES as MOOT Plaintiff's motion for a

1 telephonic conference (dkt. # 77); and GRANTS Plaintiff's motion for extension of time (dkt. # 90). Plaintiff shall file any reply in support of his motion for a protective order by **April 22, 2019**.

The Court directs the Clerk to lift the seal on Docket # 77; RE-NOTE the motion for protective order (dkt. # 64) for April 22, 2019; and send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 16th day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge