UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYNTREL TREVYONE JACKSON,

        Plaintiff,

v.

SHAWNA PATZKOWSKI, et al.,

        Defendants.

Case No. C18-1508-RSM-MLP

ORDER ON MISCELLANEOUS MOTIONS

## I.    INTRODUCTION AND DISCUSSION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are the following: (1) Plaintiff's "Motion to Compel and Motion for Fines and Sanctions" (dkt. # 110); (2) Plaintiff's "Motion to Expedite" (dkt. # 111); (3) Plaintiff's "Motion to Request Address/E-mail" (dkt. # 114); (4) Defendants' "Motion to Extend Discovery and Dispositive Motion Deadlines" (dkt. # 115); and (5) Plaintiff's "Motion in Support of [Motion to Extend Deadlines]" (dkt. # 119). Having considered the parties' submissions, the balance of the record, and the governing law, the Court rules as follows.

**A. Plaintiff's Motion to Compel**

Plaintiff moves for an order compelling Defendants to respond to his discovery requests. Defendants respond that Plaintiff failed to sign his discovery requests as required by Federal Rule of Civil Procedure 26(g), and therefore they are not required to respond.[1] In reply, Plaintiff indicates that he signed each page of his discovery requests and resent them to counsel for Defendants. It thus appears that the issue giving rise to the motion to compel may have been resolved. The Court, however, does not have sufficient information. Accordingly, the Court will order Defendants to file a status report regarding Plaintiff's discovery requests, whether he has corrected the signing deficiency, and the status of Defendants' responses.

---

[1] Rule 26(g) states:

> **(1) *Signature Required; Effect of Signature.*** Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> **(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> **(B)** with respect to a discovery request, response, or objection, it is:
>
> **(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
>
> **(2) *Failure to Sign.*** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**B. Plaintiff's Motion to Expedite**

Plaintiff asks the Court to expedite ruling on his motion to compel because the discovery deadline is September 19, 2019. As discussed below, the Court extends the discovery deadline to allow for resolution in due course of his motion to compel. Accordingly, the Court will deny the motion to expedite.

**C. Plaintiff's Motion Requesting the Court's Address/E-mail**

Plaintiff has two witnesses who wish to submit declarations in support of his claims. Plaintiff states that the Department of Corrections has denied the witnesses' efforts to provide their statements to him. Plaintiff asks the Court to provide an address, e-mail, or fax number for the two witnesses to send their declarations to so that they can be entered on the docket. Defendants did not object to this motion.

In the regular course, parties should only file evidence as an exhibit to a motion asking the Court to make a specific ruling. Given that Plaintiff's witnesses have been unable to provide their evidence directly to him despite multiple attempts, the Court will make an exception on this one occasion. Plaintiff should direct his witnesses to mail hard copies of their declarations to (1) the Clerk of Court, U.S. District Courthouse, 700 Stewart Street, Seattle, Washington, 98101, <u>and</u> (2) counsel for Defendants. Plaintiff's witnesses should include the name of this case and the case number on their submissions.

**D. Defendants' Motion for Extension of Time and Plaintiff's Motion in Support**

The parties jointly ask the Court to extend the discovery deadline to October 4, 2019, and the dispositive motions deadline to November 1, 2019, to allow for resolution of the issues related to Plaintiff's written discovery and to allow Plaintiff's deposition to take place on September 23, 2019. The Court agrees that there is good cause to extend these deadlines,

however, it appears that more time is necessary. Accordingly, the Court will extend the current deadlines as set forth below.

## II. CONCLUSION

For the reasons discussed above, the Court ORDERS:

(1) The Court RESERVES RULING on Plaintiff's motion to compel. (Dkt. # 110.) **Within seven days of the date of this order**, Defendants shall file a status report regarding Plaintiff's discovery requests, whether he has corrected the signing deficiency, and the status of Defendants' responses. The Clerk is directed to RE-NOTE Plaintiff's motion to compel for September 20, 2019.

(2) Plaintiff's motion to expedite (dkt. # 111) is DENIED.

(3) Plaintiff's motion for address/email (dkt. # 114) is GRANTED.

(4) Defendants' motion for extension of time (dkt. # 115) and Plaintiff's motion in support (dkt. # 119) are GRANTED. Discovery shall be completed by **November 12, 2019**, and dispositive motions shall be filed by **December 12, 2019**.

(5) The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 12th day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge