UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYNTREL TREVYONE JACKSON,

              Plaintiff,

   v.

SHAWNA PATZKOWSKI, *et al.*,

              Defendants.

Case No. C18-1508 RSM-MLP

ORDER GRANTING IN PART
MOTION TO EXPEDITE

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is Plaintiff's "Motion to Expedite." (Dkt. # 166.) Plaintiff moves for an order compelling Defendants to expedite their response to the Court's Minute Order (dkt. # 157) by responding to Plaintiff's request for grievances filed against two Defendants: Gonzales and Hubbs. (*Id.*) Defendants respond that the information Plaintiff seeks is not relevant, would be too burdensome to produce, and would not be admissible at trial.[1] (Resp. (Dkt. # 167) at 2.)

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

---

[1] The Court does not address Defendants' third basis for withholding the information as there is no legal basis for their argument. *See* Fed. R. Civ. P. 26(b)(1) (relating to the scope of discovery: "Information within this scope of discovery need not be admissible in evidence to be discoverable.")

ORDER GRANTING IN PART MOTION TO
EXPEDITE - 1

needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Here, Plaintiff seeks records of grievances against two named Defendants that were lodged against them for withholding religious items. (Reply (Dkt. # 170) at 1.) The request relates directly to Plaintiff's claims that his religious materials were withheld from him by the same two Defendants. (*See generally* Compl. (Dkt. # 6).) Accordingly, the Court finds that the grievances relating to withholding religious materials from inmates is related to a claim brought by Plaintiff and is relevant.

Defendants next argue that it would be too burdensome to identify and review the grievances against the two Defendants to determine if they are relevant. According to Defendants, if they ran a search through the electronic grievance system for grievances from 2014 to the present against the two Defendants, they would have to review 550 grievances. (Frederick Decl. (Dkt. # 160) at ¶ 4.) This would take 20-30 hours to review. (*Id.*) The Court agrees that the burden is not proportional to Plaintiff's need to have all the grievances going back to 2014. The Court orders that Defendants run the search through the electronic grievance database for any grievances filed against Defendants Gonzales or Hubbs relating to the denial of religious materials for all of 2016 and 2017. Defendants have the option of seeking a protective order before this Court before producing the responsive grievances to Plaintiff or producing them directly to Plaintiff with appropriate redactions.

The Court will determine whether the pending Motion for Summary Judgment (dkt. # 138) should be renoted to permit additional briefing once Defendants have complied with this order. Defendants shall produce the responsive grievances or move for a protective order **no later than February 14, 2020**. The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

ORDER GRANTING IN PART MOTION TO
EXPEDITE - 2

Dated this 10th day of February, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING IN PART MOTION TO EXPEDITE - 3