1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYNTREL JACKSON,

    Plaintiff

    v.

SHAWNA PATZKOWSKI, et al.,

    Defendants.

CASE NO. C18-1508-RSM-MLP

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, Dkt. #180, as well as the Objections filed by Plaintiff, Dkt. #181, and Defendants, Dkt. #182. The Court finds no basis in Plaintiff's Objections to deviate from the detailed recommendations of Judge Peterson. She appropriately evaluated Plaintiff's Free Exercise Claims under the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987) and other cited Ninth Circuit case law. As Plaintiff is proceeding only against individual Defendants, he cannot obtain monetary damages against any Defendant based on RLUIPA and those claims are moot.

    Judge Peterson properly evaluated all the evidence presented on summary judgment under the appropriate standards, resulting in the recommended dismissal of claims where Plaintiff lacked the quantum of evidence needed to satisfy his burden at trial. As the R&R correctly states, allegations that are based merely on Plaintiff's belief are insufficient to oppose summary

ORDER ADOPTING REPORT AND RECOMMENDATION – 1

judgment, as are unsupported conjecture and conclusory statements. *See* Dkt. #180 at 21 (citing cases).

Judge Peterson's recommendation on the spoliation of evidence claim is adopted. The Court will not consider different evidence or argument on this issue raised in Plaintiff's Objections that could have reasonably been raised earlier, or which was raised in a previous motion denied by Judge Peterson. Objections to an R&R ruling on a summary judgment motion are not an invitation to appeal prior discovery rulings.

Turning to Defendants' Objections, the Court again finds that they fail to demonstrate error in Judge Peterson's recommendations. Judge Peterson recommends that the court deny summary judgment dismissal of Plaintiff's claims that Ms. Hubbs made racist comments and used racist examples in the A2A class and issued infractions against Plaintiff because of his race and for retaliatory reasons. Defendants essentially say that Plaintiff's claims are based on his own word, and that Ms. Hubbs will testify to the contrary. Defendants cannot obtain summary judgment dismissal of claims where Plaintiff has sufficient evidence to satisfy his burden at trial but where Defendants fail to adequately present an argument or facts supporting dismissal. Defendants cannot supplement with additional facts and argument in their Objections. Defendants acknowledge "[t]he Magistrate Judge is correct that defendants did not move to dismiss Plaintiff's infraction claim for failure to exhaust the prison grievance system." Dkt. #182 at 3. It appears to be a question of fact whether the infractions were issues for legitimate penological goals or were retaliatory.

Having reviewed the above R&R, the Objections filed by Plaintiff Jackson and Defendants, and the remaining record, the Court FINDS and ORDERS:

(1) The Court ADOPTS the Report and Recommendation.

ORDER ADOPTING REPORT AND RECOMMENDATION – 2

(2) Defendants' Motion for Summary Judgment (Dkt. # 138) is GRANTED in part and DENIED in part. Specifically, the Motion is:

   a. DENIED with respect to Plaintiff's racial discrimination and retaliation claims against Ms. Hubbs based on her conduct while teaching the A2A class and the December 28, 2017 infraction;

   b. DENIED with respect to Plaintiff's First Amendment retaliation claim against CUS Pease;

   c. GRANTED based on a failure to exhaust Plaintiff's rape/sexual harassment claims against Officer Gonzalez, CPM Sundberg, CUS Buttice, CUS Pease, and Officer Dunleavy; denial of food claims against Ms. Hubbs, CUS Buttice, CPM Sundberg, and Mr. Thrasher; religious discrimination claim against Ms. Hubbs; racial discrimination and retaliation claims against Ms. Hubbs based on the alleged use of racial slurs and threat to poison Plaintiff's food; and retaliation claim against Kara Hubbs; and

   d. GRANTED with respect to all remaining claims.

(3) The claims that Plaintiff failed to exhaust are DISMSISED without prejudice, and the other claims are DISMISSED with prejudice.

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Peterson.

DATED this 21st day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION – 3