UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYNTREL JACKSON, | CASE NO. C18-1508 RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| SHAWNA PATZKOWSKI, ET AL., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Jackson's Motion to Appoint Counsel, Dkt. #210. Defendants oppose this Motion. Dkt. #211.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL – 1

The Court previously denied Mr. Jackson's request for counsel "at this time" given that he had "not shown a likelihood of success on the merits" and appeared "able to articulate his claims pro se—as evidenced by his complaint and motion for appointment of counsel—given that the legal issues are not particularly complex." Dkt. #93 at 3.  The Court noted Mr. Jackson's "mental health difficulties" and pointed out that he "may ask the Court for additional time to file and respond to motions if his mental health issues prevent him from meeting any deadlines." *Id*.

The situation in this case has changed.  Some of Mr. Jackson's claims have survived a dispositive motion and the parties are preparing for trial.  His ability to articulate his claims, given his mental health, is not entirely clear.  He cannot simply request additional time during trial.  Defendants fail to address Mr. Jackson's education level or mental health concerns.

Given the above, the Court finds that there are exceptional circumstances present here and will grant the requested relief and appoint counsel pursuant to the Plan of the United States District Court for the Western District of Washington for the Representation of Pro Se Litigants in Civil Rights Actions and the Court's Rules Governing Pro Bono Panel (the "Rules").  The Court will take the necessary steps to contact the Pro Bono Panel.

Accordingly, Plaintiff Jackson's Motion to Appoint Counsel, Dkt. #210, is GRANTED.  The Court further finds that the trial date in this matter must be continued in order to provide Plaintiff's counsel an opportunity to prepare.  The current trial date is STRICKEN and will be reset by the Court after counsel is secured.

IT IS SO ORDERED.

DATED this 30th day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL – 2