UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYNTREL JACKSON,

    Plaintiff,

v.

SHAWNA PATZKOWSKI, et al.,

    Defendants.

Case No. C18-1508RSM

ORDER TO SHOW CAUSE

    This matter comes before the Court *sua sponte*. On March 9, 2023, counsel was appointed at the request of Plaintiff. Dkts. #213 and #215. A settlement conference was set with Magistrate Judge Vaughan for January 10, 2024. *See* Dkts. #228 and #232. Plaintiff did not attend the settlement conference due to a failure to communicate with his lawyer, a lack of awareness of the proceedings, and/or a mental health incident. *See* Dkts. #234 and #235. One month later, the Court issued a Minute Order striking Plaintiff's direct request for a status update, citing the rule that says he should not act on his own behalf but instead through his lawyer. Dkt. #235. At a subsequent status conference, Plaintiff indicated he still wished to proceed with settlement discussions. A settlement conference was held with Judge Vaughan on March 13, 2024, and the Court was notified of settlement. Dkts. #239 and #240. The Court struck the trial date.

    Several weeks later, the Court learned that Plaintiff refused to sign the settlement he or his counsel agreed to orally, Plaintiff's counsel withdrew, and this case was reset for trial. Dkts. #246 through #248.

ORDER TO SHOW CAUSE - 1

Trial is now set for December 9, 2024. Importantly, there was an Order setting certain pretrial deadlines—things Plaintiff is required to participate in so that the Court is prepared for trial and Defendants are given a fair chance to defend themselves. *See* Dkt. #250. September 13, 2024, was the deadline for the parties to prepare and submit a proposed Pretrial Order. The Court's Local Rules explain what is required for this filing. It must be signed by both parties. LCR 16(e). Plaintiff was required to participate in a conference to help prepare it. LCR 16(k) and (m)(3). At that conference, Plaintiff was required to "be prepared to enter into stipulations with reference to as many facts, issues, deposition excerpts, and exhibits as possible, and to discuss the possibility of settlement." LCR 16(k). Plaintiff was required to provide a list of witnesses and exhibits and many other details. *See* LCR 16.1.

Apparently, none of this happened. Defendants filed a Pretrial Order without the signature of Plaintiff. They say they had a telephone conference on September 3, 2024, where "Plaintiff refused to meaningfully participate during the call and refused to provided Defendants with any information to prepare for trial and complete this order." Dkt. #262 at 1. Plaintiff did not later reach out to Defendants to fix this problem. Plaintiff has not contacted or filed anything with the Court.

Rule 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a district court's "power to [dismiss an action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or comply with

ORDER TO SHOW CAUSE - 2

the court's orders or the Federal Rules of Civil Procedure); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow a district court's local rules is a proper ground for dismissal).

"In order to accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court, the provisions of this rule will be strictly enforced." LCR 16(m)(1).  This Local Rule allow sanctions and penalties as set forth in LCR 11 and in the Federal Rules of Civil Procedure. *Id*.

Plaintiff has been litigating this case for years and has received from the Court approximately seven scheduling orders with this proposed pretrial order deadlines.  As this case has repeatedly approached trial, Plaintiff should have been aware of his obligations to participate in required pretrial matters.  Given all of the above, it appears to the Court that Plaintiff has failed to prosecute this action.  In Response to this Order, Plaintiff must write a short statement explaining why he failed to participate in a conference with Defendants, why he missed the deadline to submit a signed proposed pretrial order, and why this case should not be dismissed given the above.  **This Response may not exceed six (6) pages**.  The Court will take no other action in this case until this Response is filed.

The Court hereby finds and ORDERS that Plaintiff shall file this Response as soon as possible but in any event **no later than October 16, 2024**.  Failure to file this Response will result in dismissal of this case.

DATED this 16th day of September, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3